NOT FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

FILED

NOV 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JULIE M. SIGWART, individually and as Trustee of the Revocable Living Trust Dolphin Star Trust dated December 10, 2003,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>U.S. BANK, AKA U.S. Bank, N.A., a national banking association and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation,<br><br>       Defendants-Appellees. | No.    14-16346<br><br>D.C. No.<br>1:13-cv-00529-LEK-RLP<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 11, 2017
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Julie M. Sigwart ("Sigwart" or "Appellant") appeals the district court's rulings dismissing with prejudice the wrongful foreclosure claims she asserted against U.S. Bank, N.A. ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Foreclosing Entities" or "Appellees"). We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM in part** and **REVERSE** and **REMAND in part**.

1. Appellees argue the notice-and-cure provision in Sigwart's mortgage agreement precludes her from asserting all claims for unfair or deceptive acts and practices ("UDAP"), Haw. Rev. Stat. § 480-2(a). The provision provides, in relevant part: "*Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions* pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, *until such Borrower or Lender has notified the other party . . . of such alleged breach and afforded the other party . . . a reasonable period . . . to take corrective action*." Sigwart Mortgage Agreement ¶ 20 (emphasis added). According to Appellees, Sigwart's UDAP claims "arise[] from [Appellees'] actions pursuant to [the mortgage]," *id.*, and as she has failed to allege she complied with this notice provision, her claims must be dismissed.

This argument fails. The purpose of this provision is "to give the allegedly breaching party an opportunity to cure its breach." *Higley v. Flagstar Bank, FSB*, 910 F. Supp. 2d 1249, 1253 (D. Or. 2012). If notice, however, "would . . . serve[] no practical purpose," a plaintiff is excused from complying with the provision. *Id.* at 1254. Here, U.S. Bank acquired the property in a foreclosure sale in 2009, and later resold the property to a third party in 2010. Sigwart filed suit three years later in 2013. Under these circumstances, no notice to Appellees regarding any deficiencies in conducting the foreclosure would have allowed them to take "corrective action" pursuant to the mortgage agreement. After 2010, for example, U.S. Bank could not advertise the sale of Sigwart's property in the County of Maui, as Sigwart claims it should have done, because U.S. Bank no longer held title to the property. And "[v]oiding the foreclosure sale" here so that Appellees can take corrective action would be "impracticable" because the property "has already been resold by [U.S. Bank] to a third party." *Santiago v. Tanaka*, 366 P.3d 612, 633 (Haw. 2016) (citation omitted). Hence, even assuming Sigwart's UDAP claims fall within the scope of the notice-and-cure provision, notice would serve no corrective purpose, and as the "law does not require a useless act," the Court declines to dismiss Sigwart's claims based on a failure to comply with the

3

provision. *L.K. Comstock & Co. v. United Eng'rs & Constructors Inc.*, 880 F.2d 219, 232 (9th Cir. 1989) (citation and internal quotation marks omitted).

2.  Appellant premises her UDAP claim on four different grounds: (1) that Appellees failed to schedule the auction date for her property at least 29 days after they first advertised the sale in violation of Haw. Rev. Stat. § 667-7(a)(2) (the "28-Day Practice"); (2) that Appellees postponed the foreclosure sale without publishing notice of the new date and time in violation of the mortgage agreement and Haw. Rev. Stat. § 667-5(a)(2) (the "No Publication of Postponement Practice"); (3) that the Foreclosing Entities advertised the sale of her property using only a quitclaim deed when they should have offered a more attractive warranty deed (the "Quitclaim Deed Practice"); and (4) that they failed to advertise the sale of the property in the county where it was located, in violation of Haw. Rev. Stat. § 667-5(a)(1) (the "Wrong County Practice").

To state a UDAP claim, a consumer must allege "(1) a violation of [section] 480-2; (2) injury to the consumer caused by such a violation; and (3) proof of the amount of damages." *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1053 (9th Cir. 2014) (citation omitted and internal quotation marks omitted).

The Hawaii Supreme Court expressly recognized the 28-Day Practice and the No Publication of Postponement Practice as unfair and deceptive under Section

4

480-2.  *Hungate v. Law Office of David B. Rosen*, 391 P. 3d 1, 18–19 (Haw. 2017).

Like the plaintiff in *Hungate,* Sigwart here further alleges she was "injured by the

foreclosure sale, which eliminated equity that [she] held in the property and

prevented [her] from using the property."  *Id.* at 19.  Accordingly, she has stated

sufficiently her UDAP claims with respect to the 28-Day and No Publication of

Postponement Practices.  *Id.* (citing *Compton*, 761 F.3d at 1053).  The district

court's dismissal of these claims with prejudice is **REVERSED**.

As for the Quitclaim Deed Practice, Appellant fails to state a claim for

UDAP.  Under Hawaii law, a practice is unfair when it, among other things,

"offends public policy as it has been established by . . . the common law."  *Id.* at 18

(citation and internal quotation marks omitted).  Here, the common law requires

the Foreclosing Entities to "use fair and reasonable means to conduct . . .

foreclosure sale[s] in [ways] that [are] conducive to obtaining the best price[s]

under the circumstances."  *Id.* at 16.  But it does not necessarily follow from this

duty, as Sigwart contends, that they must also as a matter of law offer a warranty

deed and not a quitclaim deed to advertise the foreclosure sale.  Indeed, *Hungate* is

clear that the Foreclosing Entities' "duty to seek the best price . . . does not require

[them] to obtain the fair market value of the property."  *Id.* at 15.  Given *Hungate*'s

pronouncements and Sigwart's failure to allege any other facts demonstrating how

5

offering only a quitclaim deed is unfair, her UDAP claim based on the Quitclaim Deed Practice fails as a matter of law.

Finally, Appellant's UDAP claim premised on the Wrong County Practice fails because she has not alleged causation adequately. While she claims to have lost net equity in her property and the use of her property, she has failed entirely to allege how these injuries are "fairly traceable to the [Foreclosing Entities'] actions." *Compton*, 761 F.3d at 1053 (citations and internal quotation marks omitted). She has not, for example, adequately alleged Appellees would have received a better price for her property if they had advertised the sale in the County of Maui, where the property was located, rather than in the County of Hawaii, where she claims the sale was advertised. Appellant's related allegation that Appellees recorded a false affidavit stating notice was published in the County of Maui suffers from the same deficiency.

"The district court [here] gave [Sigwart] notice of the[se] insufficiencies . . . , dismissed [her UDAP claim] with leave to amend [on causation grounds], and provided [Sigwart] with ample opportunity to submit an amended complaint, but [she] failed to do so." *Cabello v. City of Pheonix*, 387 F. App'x 709, 710 (9th Cir. 2010). Under these circumstances, the district court did not abuse its discretion in

6

dismissing with prejudice Sigwart's UDAP claim premised on the Wrong County Practice. *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)).

3.  Finally, Sigwart contends the district court erred when it dismissed with prejudice her Complaint without considering her claim for wrongful foreclosure. While the Complaint does not specifically mention wrongful foreclosure, she argues for the first time on appeal she has stated a claim based on her allegation that she was "entitled [to relief] *under any and all applicable tort or recovery theories*." Complaint ¶ 65 (emphasis added). Such "[c]onclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted). And the district court did not abuse its discretion here in dismissing the Complaint with prejudice, where Sigwart failed to file a motion for leave to amend her Complaint to add the claim and failed to assert it below. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011).

Each party shall bear its own costs.

**AFFIRMED in part** and **REVERSED** and **REMANDED in part**.